ORIGINAL

United States Courts
Southern District of Texas
FILED

JUL 2 7 2007

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

XTREME LASHES LLC AND JOUMANA MOUSSELLI,

Plaintiffs

V.

XTENDED BEAUTY INC.

Defendant.

§ § § § § § § § § §

CIVIL ACTION NO: ___________

H 07-2460

**PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiffs XTREME LASHES LLC ("XTREME LASHES") and Joumana Mousselli ("Mouselli") (collectively referred to herein as "Plaintiffs"), bring this action and would respectfully show the Court as follows:

**I.**
**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1338(a). Venue is proper in the Southern District of Texas as that is where a substantial part of the events or omissions giving rise to the claims brought herein occurred.

**II.**
**THE PARTIES**

2. XTREME LASHES is a limited liability corporation, organized and existing under the laws of the State of Texas, with its principal place of business in Spring, Texas.

3. Mousselli is an individual residing in Harris County, Texas.

4. XTENDED BEAUTY is a corporation organized and existing under the laws of the State of California, with its principal place of business in Hayward, and may be served by serving its registered agent, Rex Lao, 2707 McCone Avenue, Hayward, California 94545.

## III. FACTUAL BACKGROUND

5. Plaintiffs and Defendant are both in the business of eyelash extension products. In that regard, Plaintiffs have filed intents to register the trademarks of XTREME LASHES, EXTEND YOUR BEAUTY and XTREME BEAUTY, and have been using those marks in commerce.

6. Because Defendant is improperly using, designating and advertising the XTENDED BEAUTY mark, Defendant is causing consumer confusion, mark dilution and is unfairly competing with Plaintiffs. As a result, Plaintiffs' attorney forwarded Defendant a "cease and desist" letter on June 19, 2007, attached hereto as Exhibit 1. The letter demanded that Defendant stop using the confusing and similar mark, and set a deadline of June 30, 2007, for Defendant's written assurances that the confusing and similar mark would no longer be used by Defendant. The letter indicated that if no written assurances were received by June 30, 2007, Plaintiffs would file a suit to protect Plaintiffs' trade and service marks.

7. On June 28, 2007, Defendant's counsel responded to the "cease and desist" letter, attached hereto as Exhibit 2. The response indicated that Defendant had filed suit against Plaintiffs seeking declaratory relief that they had not infringed on or violated Plaintiffs' rights.[1] Furthermore, Plaintiffs learned that on June 21, 2007, after receipt of the "cease and desist"

[1] That suit was brought in bad faith as an anticipatory suit, and is the subject of a Motion to Dismiss, or in the Alternative, Motion to Transfer Venue.

letter, Defendant filed a trademark application for XTENDED BEAUTY. Defendant's counsel's letter conceded that Plaintiffs' application had been filed first.

## IV.
## CAUSE OF ACTION: DECLARATORY RELIEF

8. Plaintiffs repeat and reallege paragraphs 1 to 7, inclusive, of this claim, as though fully set forth herein.

9. Plaintiffs make a claim for a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, for the purpose of determining a question of actual controversy between the parties. Following the receipt of the "cease and desist" letter, Defendant responded by filing suit in California in bad faith seeking declaratory relief, and filing an application for the XTENDED BEAUTY mark. Therefore, an actual controversy exists.

10. Plaintiffs seek a judicial declaration that Defendant's use, designation and advertising of the offending mark has infringed on and violated Plaintiffs' rights.

## V.
## CAUSE OF ACTION: TRADEMARK INFRINGEMENT 15 U.S.C. 1114(1)

11. Plaintiffs repeat and reallege paragraphs 1 to 10, inclusive, of this claim, as though fully set forth herein.

12. Defendant has committed trademark infringement pursuant to 15 U.S.C. § 1114(1). Defendant's use, designation and advertisement of the XTENDED BEAUTY mark has and will continue to cause consumer confusion as to the origin of the parties' respective goods. Furthermore, by using, designating and advertising the XTENDED BEAUTY mark as its own, Defendant has misappropriated Plaintiffs' goodwill.

13. Defendant has acted willfully in committing the trademark infringement on Plaintiffs.

14. As a result, Plaintiffs have incurred injuries and are entitled to recover damages from Defendant, including but not limited to, economic damages, lost profits, treble damages, punitive damages, costs, attorney's fees and pre- and post-judgment interest.

**VI.**
**CAUSE OF ACTION: UNFAIR COMPETITION 15 U.S.C. 1125**

15. Plaintiffs repeat and reallege paragraphs 1 to 14, inclusive, of this claim, as though fully set forth herein.

16. Defendant has unfairly competed with Plaintiffs pursuant to 15 U.S.C. § 1125. Defendant's use, designation and advertisement of the XTENDED BEAUTY mark amounts to unfair competition that has and will continue to cause consumer confusion as to the origin of the parties' respective goods. Furthermore, by using, designating and advertising the XTENDED BEAUTY mark as its own, Defendant has misappropriated Plaintiffs' goodwill.

17. Defendant has acted willfully in unfairly competing with Plaintiffs.

18. As a result, Plaintiffs have incurred injuries and are entitled to recover damages from Defendant, including but not limited to, economic damages, lost profits, treble damages, punitive damages, costs, attorney's fees and pre- and post-judgment interest.

**VII.**
**CAUSE OF ACTION: COMMON LAW UNFAIR COMPETITION**

19. Plaintiffs repeat and reallege paragraphs 1 to 19, inclusive, of this claim, as though fully set forth herein.

20. Defendant's use, designation and advertisement of the XTENDED BEAUTY mark amounts to unfair competition that has and will continue to cause consumer confusion as to the origin of the parties' respective goods. Furthermore, by using, designating and advertising the XTENDED BEAUTY mark as its own, Defendant has misappropriated Plaintiffs' goodwill.

21. Defendant has acted willfully in unfairly competing with Plaintiffs.

22. As a result, Plaintiffs have incurred injuries and is entitled to recover damages from Defendant, including but not limited to, economic damages, lost profits, treble damages, punitive damages, costs, attorney's fees and pre- and post-judgment interest.

## VIII.
## CAUSE OF ACTION: TRADEMARK DILUTION 15 U.S.C. § 1125

23. Plaintiffs repeat and reallege paragraphs 1 to 22, inclusive, of this claim, as though fully set forth herein.

24. By improperly using, designating and advertising the XTENDED BEAUTY mark, Defendant has lessened Plaintiffs' ability to identify and distinguish its goods and services, and has caused consumer confusion as to the origin of the respective parties' goods. Defendant has also injured Plaintiffs' business reputation and diluted the distinctive quality of the XTREME LASHES, EXTEND YOUR BEAUTY and XTREME BEAUTY marks.

25. Furthermore, by using, designating and advertising the XTENDED BEAUTY mark as its own, Defendant has misappropriated Plaintiffs' goodwill.

26. Defendant has acted willfully in unfairly competing with Plaintiffs.

27. As a result, Plaintiffs have incurred injuries and are entitled to recover damages from Defendant, including but not limited to, economic damages, lost profits, treble damages, punitive damages, costs, attorney's fees and pre- and post-judgment interest.

## IX.
## CAUSE OF ACTION: TRADEMARK DILUTION TEX. BUS. & COM. CODE § 16.29

28. Plaintiffs repeat and reallege paragraphs 1 to 27, inclusive, of this claim, as though fully set forth herein.

29. Defendant has violated the Texas Anti-Dilution Statute. By improperly using, designating and advertising the XTENDED BEAUTY mark, Defendant has injured Plaintiffs' business reputation and diluted the distinctive quality of the XTREME LASHES, EXTEND YOUR BEAUTY and XTREME BEAUTY marks, and caused consumer confusion as to the origin of the respective parties' goods. This dilution has occurred through a blurring or tarnishing of the XTREME LASHES, EXTEND YOUR BEAUTY and XTREME BEAUTY marks which has caused a lessening of the marks' ability to distinguish between brands and/or a diminishing of Plaintiffs' good reputation of the marks.

30. Defendant has acted willfully in unfairly competing with Plaintiffs.

31. As a result, Plaintiffs have incurred injuries and are entitled to recover damages from Defendant, including but not limited to, economic damages, lost profits, treble damages, punitive damages, costs, attorney's fees and pre- and post-judgment interest.

## X.
## CAUSE OF ACTION: COMMON LAW TRADEMARK DILUTION

32. Plaintiffs repeat and reallege paragraphs 1 to 31, inclusive, of this claim, as though fully set forth herein.

33. Defendant has violated the common law prohibition on dilution. By improperly using, designating and advertising the XTENDED BEAUTY mark, Defendant has injured Plaintiffs' business reputation and diluted the distinctive quality of the XTREME LASHES,

EXTEND YOUR BEAUTY and XTREME BEAUTY marks, and caused consumer confusion as to the origin of the respective parties' goods. This dilution has occurred through a blurring or tarnishing of the XTREME LASHES, EXTEND YOUR BEAUTY and XTREME BEAUTY marks which has caused a lessening of the marks' ability to distinguish between brands and/or a diminishing of Plaintiffs' good reputation of the marks.

34. Defendant has acted willfully in unfairly competing with Plaintiffs.

35. As a result Plaintiffs have incurred injuries and are entitled to recover damages from Defendant, including but not limited to, economic damages, lost profits, treble damages, punitive damages, costs, attorney's fees and pre- and post-judgment interest.

## XI.
## CAUSE OF ACTION: REQUEST FOR EQUITABLE RELIEF

36. Plaintiffs repeat and reallege paragraphs 1 to 35, inclusive, of this claim, as though fully set forth herein.

37. For the irreparable harm and damage resulting from Defendant's actions that are occurring and may occur to Plaintiffs, but for the intervention of this Court, Plaintiffs have no adequate remedy at law. Such damages would be continuing, and to a large degree are intangible. Such damages are imminent and would be irreparable. Plaintiffs therefore request that the Court issue a temporary restraining order and temporary injunction to Defendants restraining Defendant, its agents, servants and employees, from using, designating and advertising the XTENDED BEAUTY mark. Plaintiffs additionally request that the Court issue a permanent injunction against Defendant restraining Defendant, its agents, servants and employees, from using, designating and advertising the XTENDED BEAUTY mark.

## XII.
## JURY REQUEST

38. Plaintiffs request a jury trial.

## PRAYER

WHEREFORE, XTREME LASHES and Joumana Mousselli request that XTENDED BEAUTY be cited to appear and answer herein, and then on final hearing, Plaintiffs have judgment as follows:

(i) A declaration that Defendant's use of the XTENDED BEAUTY mark infringes on and violated Plaintiffs' rights;

(ii) A temporary restraining order, temporary and permanent injunction enjoining Defendant from using, designating or advertising the XTENDED BEAUTY mark;

(iii) Economic damages;

(iv) Lost profits;

(v) Treble damages;

(vi) Punitive damages;

(vii) Reasonable and necessary attorney's fees;

(viii) Costs of suit;

(ix) Pre- and post-judgment interest; and

(x) Such other and further relief to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

STEELE STURM PLLC

*/s/ Howard L. Steele, Jr.*

Howard L. Steele, Jr.
Fed. Bar ID # 21615
Wells Fargo Plaza
1000 Louisiana, Suite 3780
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]

**ATTORNEY FOR PLAINTIFFS XTREME LASHES LLC AND JOUMANA MOUSSELLI**

**OF COUNSEL:**

Charles Sturm
Fed. Bar ID # 21777
Kim Goodling
Fed. Bar ID # 33873
STEELE STURM PLLC
Wells Fargo Plaza
1000 Louisiana, Suite 3780
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]

# EXHIBIT 1

**Karen B. Tripp**
*Attorney at Law*
P.O. Box 1301
Houston, Texas 77251-1301
(713) 658-9323 phone
(713) 658-9410 fax
ktripp@tripplaw.com

June 19, 2007

*By U. S. Express Mail*
*by U.S. Certified Mail, RRR*
*and by Regular First Class Mail*

Mr. Rex Lao
Xtended Beauty, Inc.
2707 McCone Ave.
Hayward, CA 94545

Re: Trademark Confusion Caused by "Xtended Beauty"

Dear Mr. Lao:

I represent Joumana Mousselli and Xtreme Lashes, Inc., with respect to their trademarks XTREME LASHES, EXTEND YOUR BEAUTY, AND XTREME BEAUTY. It has recently come to our attention that your business has been using the "Xtended Beauty" mark in a manner that implies that your services and products are associated with my clients.

Not only is the mark Xtended Beauty confusingly similar in appearance to my clients' marks, for similar cosmetic products and services, particularly related to eyelash extensions, but we understand that you have been using a color scheme and related trade dress similar to that of my clients at one or more trade shows.

As a result of years of use and promotion, my clients' marks have acquired substantial recognition and goodwill as designating my clients' business, products, and services.

Your business's misleading use of the "Xtended Beauty" mark, as mentioned above, has already caused actual confusion, and is likely to cause more confusion as to your business's affiliation with my client. Your business's misleading use of the "Xtended Beauty" mark constitutes the use of a misleading representation, or false advertising, in violation of 15 U.S.C. § 1125(a)(1), which provides:

> Any person who, on or in connection with any goods or service, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false misleading representation of fact, which - (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or (B) in commercial advertising or promotion, misrepresents the nature, character, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

In addition, your business's inaccurate use of the "XTENDED BEAUTY" mark also constitutes injury to and dilution of my client's trade name, trademarks, and service marks under § 16.29 of the Texas Business & Commerce Code, which provides in pertinent part:

> A person may bring an action to enjoin an act likely to injure a business reputation or to dilute the distinctive quality of a mark registered under this chapter or Title 15, U.S.C., or a mark or trade name valid at common law, regardless of whether there is competition between the parties or confusion as to the source of goods or services.

This is commonly known as the Texas anti-dilution statute, which became effective June 14, 1989. Regarding this state law, a federal court in Houston has stated that "§ 16.29 offers broader protection for Plaintiff's service marks than federal law because it authorizes relief 'regardless of whether there is competition between two parties or confusion as to the source of goods or services'." *Service Merchandise v. Service Jewelry Stores*, 737 F. Supp. 983, 999 (S.D. Tex. 1990).

**In order to protect my client's name, I request that you <u>immediately</u> stop referring to your business using the "Xtended Beauty" name and/or mark as a part of any presentation.**

This request applies to any and <u>all</u> advertising of your business, now and in the future, such as in the newspaper, or by way of stationery, business cards, signs and packaging; your corporate name; any "doing business as" (d.b.a.) or assumed name, **and especially all uses of "Xtended Beauty" on the internet.**

On or before noon, Central Daylight Time, on June 30, 2007, I need a letter from you assuring me of your immediate compliance. Included with such letter, I need proof that you have taken all reasonable efforts to stop using "Xtended Beauty" in connection with your extended eyelash business.

**If I do not receive such a letter, I will take legal action to protect my client's valuable trademarks and service marks, which will include filing suit against your business, asking for a TRO and a preliminary Injunction. If I am forced to file suit against your business, I will not abandon my clients' cause of action until I have obtained attorneys' fees, a settlement agreement, and a final judgment in my client's favor.**

**This letter serves as your notice that your continued use of the "Xtended Beauty" name is clear evidence that you willfully intend to either trade on my client's reputation, or dilute my clients' famous marks.**

Please feel free to call me if you have any questions.

Sincerely yours,

[signature]

Karen B. Tripp

cc: Joumana Mousselli
Xtreme Lashes, Inc.

# EXHIBIT 2

THELEN REID BROWN RAYSMAN & STEINER LLP

NEW YORK · SAN FRANCISCO · WASHINGTON, DC · LOS ANGELES
SILICON VALLEY · HARTFORD · NORTHERN NEW JERSEY · SHANGHAI

Veronica Colby Devitt
415.369.7648 Direct Dial
415.369.8788 Direct Fax
vdevitt@thelen.com

Received
July 2, 2007

June 28, 2007

**VIA E-MAIL (ktripp@tripplaw.com)**
*Confirmation Copy Via Express Mail*

Karen B. Tripp, Esq.
P.O. Box 1301
Houston, TX 77251-1301

Re: **Xtended Beauty, Inc. v. Xtreme Lashes, Inc. and Joumana Mousselli**
**Civil Action No. C 07-03391 JCS**

Dear Ms. Tripp:

As counsel for Xtended Beauty, Inc. we have been asked to respond to your letter of June 19, 2007.

At the outset please be assured that our clients respect the trademarks of others just as they wish to have their own marks respected. With this as our starting premise we have carefully considered your allegations, reviewing the content of your letter, Ms. Mousselli's pending intent to use trademark applications, and the use of the XTREME LASHES mark and the Extend Your Beauty tag line on the xtremelashes.com website. We have compared the uses of the XTREME LASHES brand and the Extend Your Beauty tag line to our client's uses of the XTENDED BEAUTY trademark on its products and the xtendedbeauty.com website.

We are at a loss to understand the basis for the allegations.

Both of our clients are in the business of selling eyelash extensions or extenders and related products. Both are in the "beauty business" as it is broadly defined. As such, the words "beauty" and "extend" are descriptive of the function of the products they sell.

In spite of the allegation of "years of use and promotion" of the marks, it is noteworthy that the applications were filed as intent to use applications less than two years ago. It is possible that upon review of the specimen of use for Extend Your Beauty, the tag line will be refused registration on grounds that it is merely descriptive. If the Trademark Office examining attorney performs even a minimal internet search, she will find that your client does not even have exclusive use of the phrase in the beauty and fashion industry. If your client is entitled to claim any trademark rights in the tag line Extend Your Beauty, those rights will be very narrowly construed.

The allegation that the XTENDED BEAUTY mark infringes the XTREME BEAUTY and XTREME LASHES marks is equally misplaced and appears to be based solely on use of an initial "X" to replace the "ex" prefix. As the records of the USPTO and a survey of contemporary marketing practices will show, this misspelling is extremely trendy and not unique to your client. As the USPTO required the word "beauty" to be disclaimed from the application for XTREME BEAUTY, your client cannot claim any exclusive right to use the term.

Since XTREME BEAUTY is still an intent to use application and we could find no use of the mark, I question whether there is even a basis for claiming any rights in the term. As I am sure you know, an intent to use application is an unperfected right which does not create a basis for filing suit.

In reference to the claim of similar trade dress, please provide some specifics, as we could find none. We understand that your client primarily markets its products in a black and gold color combination which sets a very different tone from the packaging and trade dress of the XTENDED BEAUTY products.

Calling your clients' marks "famous" does not make it so. The marks are at best descriptive and weak marks, entitled to a narrow scope of protection. We do not know when use began for XTREME LASHES or XTREME BEAUTY, if at all, or for the tag line Extend Your Beauty, but we do know that they have not achieved nationwide fame.

Based upon our analysis of the allegations, we can only conclude that they are not about trademark infringement or misleading representations or false advertising, but rather about trying to prevent competition in the lash extender market. As your client is well aware, our client has a great deal invested in its XTENDED BEAUTY line. Therefore, it is unwilling to discontinue use of the mark.

Neither of our clients want confusion in the market place. Therefore, we are willing to discuss any specific trade dress concerns your client may have or suggestions for a peaceful coexistence.

Given the strident tone of your letter, we have been left with no choice but to seek declaratory relief. Enclosed please find a courtesy copy of the complaint which we will defer serving if your client is amenable to discussing settlement.

Sincerely,

Veronica Colby Devitt

Veronica Colby Devitt

VCD/mjl
cc: Xtended Beauty, Inc.
Robert A. Weikert, Esq.